UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PALOMAR MEDICAL TECHNOLOGIES, INC., and THE GENERAL HOSPITAL CORPORATION,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>CUTERA, INC.,<br><br>Defendant and Counterclaim Plaintiff. | Civil Action No. 02-10258-RWZ |

## CONSENT JUDGMENT

The parties having considered the facts and applicable law and having agreed to the entry of this Judgment, it is therefore found, adjudged, and decreed as follows:

1. This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. § 1338.

2. Plaintiff The General Hospital Corporation ("MGH") is the owner of U.S. Patent No. 5,735,844 ("the '844 patent"), and plaintiff Palomar Medical Technologies, Inc. ("Palomar") is the exclusive licensee of the '844 patent.

3. The defendant, Cutera, Inc., formerly known as Altus Medical, Inc. ("Cutera"), has infringed (directly and by inducement) claims 12, 27, and 32 of the '844 patent by its manufacture, offer for sale, sale, and/or use of Cutera's CoolGlide CV, Excel, Vantage, and Xeo

platforms that include either a CV Nd:YAG handpiece or an Excel Nd:YAG handpiece for hair removal ("the CoolGlide Products").

4.   The '844 patent is valid and enforceable as to the CoolGlide Products.

5.   The Court's construction of the term "element" in claim 32 of the '844 patent as set forth in the Court's February 24, 2004 Memorandum of Decision and Order ~~is hereby vacated~~ *applies solely to this case. RWZ*

6.   This Judgment shall finally conclude and dispose of all claims and counterclaims in this lawsuit of all parties with prejudice.

7.   The parties shall bear their own costs of this action, and all rights of appeal are waived. Neither party is entitled to collect from the other attorneys' fees except as expressly set forth in Section 3(a)(i) of that certain Settlement Agreement by and between the parties dated June 2, 2006.

8.   This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Judgment; provided that, in no event shall this Judgment be used in this Court or any other court as a basis for injunctive or other equitable relief with respect to the CoolGlide Products.

Dated: June 16, 2006

_____
Rya W. Zobel
UNITED STATES DISTRICT JUDGE